IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


GILBERTO RUELAS, JR.                                                    PLAINTIFF


            v.                Civil No. 5:24-cv-05064-TLB-CDC


SHERIFF SHAWN HOLLOWAY, Benton
County, Arkansas;                                                       DEFENDANT


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.   Plaintiff

proceeds *pro se* and *in forma pauperis*.   Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and

(3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the

undersigned for the purpose of making a Report and Recommendation.   The case is before the

Court on Plaintiff's failure to obey the Court's Orders.

## I.        DISCUSSION

When he filed this case, Plaintiff was specifically advised that he was required to

immediately inform the Court of any change of address.   (ECF No. 3).   If Plaintiff was

transferred or released, he was told he must advise the Court of any change in his address by no

later than thirty (30) days from the time of his transfer to another facility or his release.

Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas

requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any

change in his or her address."

Because Plaintiff's *in forma pauperis* ("IFP") application did not contain a certificate of

1

account, Plaintiff was given until April 4, 2024, to submit the certificate of account.  (ECF No. 3).    Due to several deficiencies in his Complaint, Plaintiff was also directed to file an Amended Complaint by April 4, 2024.  *Id.*  The areas considered to be deficient were outlined for the Plaintiff.  *Id.*  Plaintiff failed to submit his certificate of account or Amended Complaint and a Show Cause Order was entered on April 8, 2024.  (ECF No. 5).  Plaintiff was given until April 29, 2024, to respond to the Show Cause Order.

Plaintiff responded by filing his certificate of account and filing a Motion for an Extension of Time to file his Amended Complaint.  (ECF Nos. 6 & 7).  In response to the Plaintiff's Motion, the Court informed Plaintiff he could identify the involved officers as John Doe defendants if he was unable to provide their names or sufficient identifying information.  (ECF No. 9).  Plaintiff was given until May 1, 2024, to file the Amended Complaint.  *Id.*

Plaintiff failed to timely file the Amended Complaint and a Show Cause Order was entered on May 6, 2024.  (ECF No. 11).  Plaintiff was given until May 28, 2024, to respond to the Show Cause Order.  *Id.*  In response, Plaintiff filed his Amended Complaint.  (ECF No. 12).  Before the Court had the opportunity to screen the Amended Complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915A, Plaintiff filed a Motion for Leave to file a Second Amended Complaint.  (ECF No. 13).  He then filed a second Motion for Leave to Amend his Complaint. (ECF No. 14).

On June 24, 2024, an Order was entered denying Plaintiff's two Motions to Amend.  (ECF No. 17).  Note was made that most of the claims asserted in the proposed Second Amended Complaint fell within the futile category and others were duplicative.  *Id.*  Plaintiff's proposed Third Amended Complaint was filed as a new civil rights case.  *Id.*

The Court also reviewed the Amended Complaint noting that it did not comply with the Court's directions.  The Court noted the claims asserted involved different time periods and

different law enforcement agencies.   Because the claims were not properly joined in the Amended Complaint, various claims were severed, and new civil rights actions opened.   Plaintiff was directed to file an Amended Complaint in this case "asserting only his claim against Sheriff Holloway and/or John or Jane Doe officers or employees of the Benton County Detention Center ["BCDC"] stemming from unconstitutional uses of force, acts of retaliation, and unconstitutional conditions of confinement."

That same day, Plaintiff filed a third Motion to Amend his Complaint.   (ECF No. 15). This Motion was denied.   (ECF No. 16).

On July 11, 2024, Plaintiff filed his Second Amended Complaint.   (ECF No. 18). Because the Second Amended Complaint was not in compliance with the Court's Order, it was stricken.   (ECF No. 19).   Plaintiff was directed to file a Third Amended Complaint asserting only his claims against Sheriff Holloway and/or John or Jane Doe officers or employees of the BCDC stemming from unconstitutional acts of force, acts of retaliation, and unconstitutional conditions of confinement.   Plaintiff was given until August 21, 2024, to file the Third Amended Complaint.

Plaintiff failed to file the Third Amended Complaint and a Show Cause Order was entered giving Plaintiff until September 16, 2024, to respond.   (ECF No. 20).   The Show Cause Order was returned as undeliverable with a notation that Plaintiff was no longer incarcerated at the BCDC.   (ECF No. 21).

On October 3, 2024, contrary to the Court's instructions, Plaintiff notified the Court of his change of address by e-mail addressed to the undersigned.   In response, Plaintiff's address was changed on the docket sheet.   Further, a member of the Court's staff replied to the e-mail notifying Plaintiff of the correct way to submit a change of address and updating him on the status of each of his cases.   With respect to this case, Plaintiff was advised he had failed to file his Third Amended Complaint and he had failed to respond to a Show Cause Order.   The following day,

due to Plaintiff's change of address, an Order was entered giving Plaintiff until October 22, 2024, to respond to the Court's Orders.   (ECF No. 22).

To date, Plaintiff has not submitted his Third Amended Complaint or responded to the Show Cause Order.   Plaintiff has not requested additional time to respond to the Courts' Orders. No mail has been returned as undeliverable.   Plaintiff has failed to comply with the Court's Orders.   (ECF Nos. 17, 19, 20 & 22).   In each Order, Plaintiff was advised that failure to respond would result in the dismissal of the case.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.   Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).   Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."   *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.   CONCLUSION

For these reasons, it is recommended that pursuant to Rule 41(b), the Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).   Fed. R. Civ. P. 41(b).

**Status of Referral:   The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

  **RECOMMENDED** this 30th day of October 2024.

       *s/ Christy Comstock*
       _____
       CHRISTY COMSTOCK
       UNITED STATES MAGISTRATE JUDGE